## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ELIZABETH LUNA,

       Plaintiff,

v.                                     No. CIV 13-1132 RB/KK

UNIVERSITY OF NEW MEXICO,

       Defendant.

### MEMORANDUM OPINION AND ORDER

Elizabeth Luna sued her former employer, Defendant University of New Mexico, for violating federal disability law.  Defendant University of New Mexico moved to dismiss on the ground that it was immune from suit.  (Doc. 28.)  Having reviewed the parties' submissions and arguments, the Court **GRANTS** the motion to dismiss in part and **DENIES** the motion in part.  Defendant University of New Mexico also moved for summary judgment on any of Plaintiff's remaining claims.  (Doc. 42.)  Having reviewed the parties' submissions and arguments, the Court **GRANTS** the motion for summary judgment.

## I.   BACKGROUND

Plaintiff worked at the University of New Mexico ("UNM") for seventeen years. (Compl. ¶ 5.)  She worked as a senior academic advisor and, at times, a manager.  (*Id.*)  The entire time she worked at UNM, she suffered from chronic migraine headaches, which periodically interfered with her work and social life.  (Compl. ¶¶ 6, 7.)  Sometimes, she would need to miss work, up to three days at a time, due to her migraines.  (Compl. ¶ 7.)  Plaintiff took Family and Medical Leave intermittently.  (Compl. ¶ 8.)  Her migraines became more severe over the years.  (Compl. ¶ 7.)

In 2010, Plaintiff got a new supervisor, Mr. Smith R. Fredrick.  (Compl. ¶ 5.)  The change caused her stress, which in turn exacerbated her migraines.  (Compl. ¶ 7.)  Plaintiff became dependent on the prescription medications intended to alleviate her migraines.  (Compl ¶ 9.)  In February 2012, Plaintiff took Family and Medical Leave to undergo inpatient treatment.  (Compl. ¶¶ 9-10.)

Due to her continuing disability, Plaintiff was unable to return to work after taking twelve weeks of Family and Medical Leave.  (Compl. ¶10.)  Plaintiff sought to take disability leave after her Family and Medical Leave expired.  (Compl. ¶ 11.)  Defendant UNM required medical certification.  (*Id.*)  In the note that Plaintiff's doctor provided on May 14, 2012, the doctor confirmed that Plaintiff was unable to work due to severe headaches.  (Compl. ¶ 12.)  The doctor said Plaintiff would be unable to work for an indefinite period.  (*Id.*)  Mr. Fredrick sent Plaintiff a termination letter on May 15, 2012.  (Compl. ¶14.)  Defendant UNM explained that Plaintiff was terminated because she failed to return from a leave of absence.  (Compl. ¶ 14, 20.)

Plaintiff field a complaint with the Equal Employment Opportunity Commission on July 10, 2012.  (Compl. ¶ 16.)  On November 25, 2013, she filed a Complaint with this Court, alleging violations of the Americans with Disabilities Act and the Rehabilitation Act of 1973.  (Compl.)  Plaintiff initially sued both Defendant UNM and her supervisor, Mr. Fredrick.  The parties stipulated to Mr. Fredrick's dismissal from the suit.  (Doc. 23.)  Claiming sovereign immunity, Defendant now moves to dismiss the entirety of the suit.  (Doc. 28.)  Alternatively, Defendant moves for summary judgment on all claims.  (Doc. 42.)

## II.     MOTION TO DISMISS

In its first motion, Defendant moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction. When a defendant raises a facial challenge to a district court's jurisdiction, the court's review is similar to that of a 12(b)(6) motion. *See Muscogee (Creek) Nation v. Oklahoma Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010) (explaining that courts apply the same standard for Rule 12(b)(6) motions and facial challenges under Rule 12(b)(1)). In order to survive the motion to dismiss, a plaintiff's "complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### A.  Americans with Disabilities Act Claim

Plaintiff claims that Defendant violated her rights under the Americans with Disabilities Act ("ADA"). Defendant argues that it is immune from suits brought under the ADA because of the Eleventh Amendment. (Doc. 73 at 10.)

The Eleventh Amendment bars plaintiffs from bringing suits against a State. *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). "This prohibition encompasses suits against state agencies." *Muscogee (Creek) Nation*, 611 F.3d at 1227 (quoting *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). The University of New Mexico and its Board of Regents are both considered to be arms of the State of New Mexico. *See* N.M. Const. Art. 12, §§ 3 & 11 (providing UNM, as a state university, is under the exclusive control of the State); *see also Barrett v. Univ. of New Mexico Bd. of Regents*, 562 F. App'x 692, 694 (10th Cir. 2014) (holding same). Accordingly, Defendant can invoke sovereign immunity.

Plaintiff recognizes that state employee claims under ADA Title I are barred by the Eleventh Amendment under the precedent of *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001) and *Barrett v. Univ. of New Mexico*, No. 12-cv-574 JAP/RHS (D.N.M. July 1, 2013).  (Doc. 41 at 1, 5-6.)  Plaintiff tries to distinguish her case on two grounds.  First, Plaintiff argues that "[d]iscrimination against the disabled in public employment is different . . . ."  (Doc. 41 at 5.)  In support of this argument, Plaintiff cites several cases where courts concluded that the Eleventh Amendment does not necessarily bar claims under Title II of the ADA, which forbids public entities from engaging in disability discrimination.  *See Tennessee v. Lane*, 541 U.S. 509, 515 (2004) (finding that Eleventh Amendment did not bar plaintiff's Title II claim); *Cunningham v. Univ. of New Mexico Bd. of Regents*, 779 F. Supp. 2d 1273, 1280 (D.N.M. 2011) (same), *aff'd*, 531 F. App'x 909 (10th Cir. 2013); *Guttman v. Khalsa*, 669 F.3d 1101, 1125 (10th Cir. 2012) (conducting a proportionality and congruency analysis to determine that Eleventh Amendment did bar particular Title II claim, but not all Title II claims).  However, those cases are not applicable because Plaintiff's employment claim can only be brought under Title I of the ADA, not Title II.  *See Elwell v. Oklahoma*, 693 F.3d 1303, 1305 (10th Cir. 2012) (holding that ADA Title II does not permit employment discrimination claims).  As Plaintiff concedes, the Eleventh Amendment bars ADA Title I claims.  (Doc. 41 at 1, 5-6.)  Second, citing the dissenting opinion in *Garrett*, Plaintiff asks the Court to "revisit the decision and reconsider the appropriate standard."  (Doc. 41 at 6.)  The Court declines the invitation to reconsider Supreme Court precedent.

Although there are exceptions to state's sovereign immunity, none of the exceptions apply here.  *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012) (listing exceptions).  First, Defendant has not consented to suit in this Court.  Second, Plaintiff

does not invoke the theory of *Ex Parte Young*. Finally, the Supreme Court ruled that Congress did not validly abrogate states' sovereign immunity when it enacted Title I of the ADA.  *See Garrett*, 531 U.S. at 374.  Thus, state employees are barred from seeking damages against states in ADA actions because of Eleventh Amendment immunity.  *See id.*  The Eleventh Amendment, a jurisdictional bar, limits a court's subject matter jurisdiction.  *Harris v. Owens*, 264 F.3d 1282, 1288 (10th Cir. 2001).  Hence, Plaintiff's ADA claims are dismissed for a lack of subject matter jurisdiction.

### B.  Rehabilitation Act Claim

Section 504 prohibits "any program or activity receiving federal financial assistance" from discriminating against anyone based on a disability.  20 U.S.C. § 794(a).  Defendant UNM is a program that recives such federal financial assistance.  (Answer ¶ 2.)  Because UNM accepts this money, the Eleventh Amendment does not bar this claim.  Under Tenth Circuit precedent, states who accept federal money waive their sovereign immunity from suit for claims under the Rehabilitation Act.  *Brockman v. Wyoming Dep't of Family Servs.*, 342 F.3d 1159, 1167-68 (10th Cir. 2003) (holding that a state who accepts Rehabilitation Act monies makes itself amenable to suit).

Defendant argues that Plaintiff's Rehabilitation Act claim should be barred because she did not exhaust her administrative remedies.  (Doc. 5-7.)  However, Plaintiff was not required to exhaust any remedies before bringing her claim.  Certainly, employees suing federal employers first have to exhaust their remedies before pursuing claims under Section 501 of the Act.  *See Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997) (holding that an employee suing the United States Postmaster General must exhaust administrative remedies before pursuing a Section 501 claim).

However, non-federal employees suing under Section 504 are not required to exhaust their remedies.  *See Pushkin v. Regents of Univ. of Colorado*, 658 F.2d 1372, 1382 (10th Cir. 1981) ("We hold that under § 504 of the Rehabilitation Act the plaintiff is not compelled to pursue a remedy which is irrelevant to his particular need.").  As an administrative remedy, the agency with authority over Section 504 funding could "cutoff . . . federal funding to the offending recipient," but that is not an effective means of vindicating individual rights.  *New Mexico Ass'n for Retarded Citizens v. New Mexico*, 678 F.2d 847, 851 (10th Cir. 1982); *see* 45 C.F.R. §§ 80.6-80.11 (providing that the federal government can terminate assistance to discriminatory entities, but not providing any avenues for redressing individual wrongs).  Moreover, Plaintiff filed a charge alleging disability discrimination with the New Mexico Human Rights Bureau and the Equal Employment Opportunity Commission.  (Doc. 28-1.)

Defendant's challenge to the Court's subject matter jurisdiction over Plaintiff's Rehabilitation Act claim fails.  Accordingly, the motion to dismiss is denied with respect to this claim.

### III.    MOTION FOR SUMMARY JUDGMENT

In addition to the motion to dismiss, Defendant filed a motion for summary judgment. Plaintiff did not respond to this motion although more than two months have elapsed.

Summary judgment is appropriate only if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it could influence the determination of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over a material fact is "genuine" if a reasonable trier of fact could return a verdict for either party.  *Id*.  At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines

whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559-60 (2006). If there is a genuine dispute of material fact, then the "facts must be viewed in the light most favorable to the nonmoving party . . . ." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

Plaintiff's only surviving claim is that her rights were violated under the Rehabilitation Act. The standard for assessing a claim for employment discrimination under the Rehabilitation Act is the same standard for Title I of the ADA. *Elwell*, 693 F.3d 1303, 1312. Thus, in order to state a prima facie claim for disability discrimination, Plaintiff must show:

> (1) that she is a disabled person within the meaning of the [the Act]; (2) that she is qualified, that is, she is able to perform the essential functions of the job, with or without reasonable accommodation; and (3) that the employer terminated her employment under circumstances which give rise to an inference that the termination was based on her disability.

*Morgan v. Hilti, Inc*., 108 F.3d 1319, 1323 (10th Cir. 1997) (internal citations omitted).

Defendant argues that Plaintiff is not "qualified" for the position because she could not perform the essential functions of her job. (Doc. 42 at 7-8.) Specifically, Defendant points to the fact that Plaintiff requested indefinite leave. (*Id*.) In Plaintiff's Complaint, she avers that she supplied Defendant UNM with a doctor's note stating that that she was "unable to return to work indefinitely." (Compl. ¶ 12.)

To be a "qualified individual with a disability," the employee must be able to perform the essential functions of the relevant job with or without reasonable accommodation. *Smith v. Midland Brake Inc.*, 180 F.3d 1154, 1162 (10th Cir. 1999) (en banc). "The term 'reasonable accommodation' refers to those accommodations which presently, or in the near future, enable the employee to perform the essential functions of his job." *Hudson v. MCI Telecommunications Corp.*, 87 F.3d 1167, 1169 (10th Cir. 1996). The Tenth Circuit determined "a request for

indefinite leave cannot constitute 'reasonable' accommodation" because the employee will not necessarily be able to work in the "near future." *Cisneros v. Wilson*, 226 F.3d 1113, 1129-30 (10th Cir. 2000) (citing *Hudson*, 87 F.3d at 1169); *see also Murphy v. Samson Res. Co.*, 525 F. App'x 703, 707 (10th Cir. 2013) (holding same).   To make a reasonable request for leave, an employee must provide an expected return date.   "Without an expected duration of an impairment, an employer cannot determine whether an employee will be able to perform the essential functions of the job *in the near future* and therefore whether the leave request is a 'reasonable' accommodation." *Cisneros*, 226 F.3d at 1130.

Plaintiff's request for indefinite leave was an unreasonable accommodation.  She was unable to work for the foreseeable future and thus was not "qualified" within the meaning of the Act.   Hence, Plaintiff cannot meet her burden on summary judgment.   The Court need not address the other elements.

## IV.     CONCLUSION

Defendant moved to dismiss Plaintiff's Complaint for disability discrimination on sovereign immunity grounds.  The Court agrees that Plaintiff's claim under Title I of the ADA is barred by the Eleventh Amendment.    On the other hand, Plaintiff's claim under the Rehabilitation Act is not barred under the Eleventh Amendment, nor is it barred based on a failure to exhaust.   However, Plaintiff's Rehabilitation Act claim cannot survive summary judgment.

**THEREFORE**,

**IT IS ORDERED** that

(1) Defendant's Motion to Dismiss (Doc. 28) is **GRANTED** with respect to her ADA

claims and **DENIED** with respect to her other claims; and

(2) Defendant's Motion for Summary Judgment (Doc. 42) is **GRANTED** with respect to

Plaintiff's remaining claims.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**